IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID WILSON, JR.,** | : | |
| Plaintiff, | : : | |
| | : | Case No. 5:21-cv-00457-MTT-CHW |
| v. | : : | |
| **WARDEN CLINTON PERRY,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U. S. Magistrate Judge |
| | : | |

### ORDER

*Pro se* Plaintiff Michael David Wilson, Jr., an inmate at the Macon State Prison in Oglethorpe, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for the appointment of counsel (ECF No. 3) and a motion for leave to proceed *in forma pauperis* (ECF No. 2).

### MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has moved for this Court to appoint him an attorney. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity

of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 following the format and style of the Court's standard form and setting forth essential factual allegations.  *See generally* ECF No. 1.  The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case.  *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993).  Plaintiff has demonstrated his ability to present his claims to the Court for review.  As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff filed a motion to proceed *in forma pauperis*.  ECF No. 2.  Plaintiff's account certification indicates that he has average monthly deposits in his account for the previous six months of $521.58.  ECF No. 2-1 at 2.  Plaintiff further has $1,972.88 on

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

hand in his prisoner account. *Id*. Plaintiff indicates that he receives "about 200$ per month from family". ECF No. 2 at 2. Thus, Plaintiff has enough money to pay the $402.00 filing fee in full. Therefore, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**. Plaintiff should note that it is ***his responsibility*** to initially pay filing fees upon the submission of any complaint in this Court. Thus, Plaintiff must arrange to have the filing fee forwarded to the Court. Plaintiff is **ORDERED** to pay the $402.00 filing fee in full within **FOURTEEN (14) DAYS** from the date shown on this Order. Failure to do so will result in the dismissal of this action.

## CONCLUSION

In conclusion, as set forth above, Plaintiff's motion for the appointment of counsel (ECF No. 3) is **DENIED**. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is also **DENIED**, and Plaintiff is **ORDERED** to pay the full filing fee of $402.00. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required filing fee to the Clerk of Court.

There shall be **<u>no service</u>** in this case until further order of the Court and Plaintiff shall keep the Court informed of any future address change. Failure to comply with this Court's order will result in the dismissal of this action.

**SO ORDERED**, this 10th day of January, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge