IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MICHAEL DAVID WILSON, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | Case No. 5:21-cv-00457-MTT-CHW |
| v. : | |
| : | |
| **WARDEN CLINTON PERRY,** *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. : | Before the U. S. Magistrate Judge |
| : | |

## ORDER ON MOTION FOR EXTENSION OF TIME AND MOTION FOR DISCOVERY

*Pro se* Plaintiff Michael David Wilson, Jr., an inmate at the Macon State Prison in Oglethorpe, Georgia, filed a filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. On January 10, 2022, Plaintiff's motion to proceed *in forma pauperis* was denied due to Plaintiff's ability to pay the $402.00 filing fee, and he was ordered to pay the fee within fourteen days. ECF No. 6.

On January 27, 2022, Plaintiff filed a letter which included a request for extension of time to pay the filing fee. ECF No. 7. Plaintiff indicates that he has completed a withdrawal form but expects some delays due to a Covid quarantine in his dorm. *Id*. He requests an additional fourteen days to submit the filing fee to the Court. *Id.* Plaintiff's motion for an extension of time (ECF No. 7) is **GRANTED**, and he will be allowed fourteen (14) additional days from the date of this order to pay the filing fee.

Plaintiff has also filed a "Motion for Discovery" requesting the production of various documents including copies of grievances, reports, video footage, and Defendant's addresses. ECF No. 8. Plaintiff's request for discovery is premature. Nothing in the Federal Rules of Civil Procedure authorizes the Court to grant Plaintiff's request for the production of evidence prior to the Court's determination that the Plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A and that Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013). Following the screening of Plaintiff's complaint, if warranted, the Court will enter a discovery order. Plaintiff's present Motion for Discovery (ECF No. 8) is accordingly **DENIED**.

**SO ORDERED**, this 9th day of February, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge