IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL DAVID WILSON, JR., : <br> : <br> Plaintiff, : <br> : Case No. 5:21-cv-00457-MTT-CHW <br> v. : <br> : <br> WARDEN CLINTON PERRY, *et al.*, : <br> : Proceedings Under 42 U.S.C. §1983 <br> Defendant. : Before the U. S. Magistrate Judge <br> : | |

ORDER

*Pro se* Plaintiff Michael David Wilson, Jr., an inmate at the Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C. § 1983 action. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* was denied due to Plaintiff's ability to pay the filing fee. ECF No. 6. The Court ordered Plaintiff to pay the full $402.00 filing fee. *Id*. Despite his efforts, Plaintiff was unable to prompt prison officials to forward the filling fee to the Court. ECF No 15. Thus, in its May 17, 2022 Order, the Court found Plaintiff was not responsible for the failure to pay the filing fee and allowed the action to proceed. ECF No. 17. The Court directed the Clerk of Court to forward a copy of the Order to the business manager of the facility in which Plaintiff was incarcerated so that a withdrawal from his account may be made to pay for the $402.00 filing fee in this case. *Id*. at 2. To the extent that Plaintiff requests reconsideration on his motion to proceed *in forma pauperis* (ECF No. 19), the motion is **DENIED** as moot. The Court has already allowed the action to proceed without

prepayment of the filing fee and has directed prison officials to pay the filing fee. ECF No. 17.

## PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff has further filed a motion for discovery ECF No. 21. Plaintiff's request for discovery is premature. As Plaintiff was previously instructed by this Court, a Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants. *See* ECF No. 17 at 24. Once an answer or dispositive motion has been filed by the Defendant, then the Plaintiff is authorized to seek discovery from the Defendant as provided in the Federal Rules of Civil Procedure. *Id*. Here, Plaintiff's request for discovery has been filed prior to perfecting service of the Complaint upon the Defendants. Accordingly, the Defendants have not had the opportunity to answer Plaintiff's allegations. Therefore, Plaintiff's present Motion for Discovery (ECF No. 21) in this civil action is **DENIED** as premature.

## PLAINTIFF'S REQUEST FOR ASSISTANCE WITH SERVICE OF PROCESS

Because Plaintiff is not proceeding *in forma pauperis*, the Court ordered him to serve the Defendants who remained in the action: Warden Clinton Perry and CO Jessica Dean. ECF No. 17 at 22. Plaintiff was told that he may request a waiver of service of summons from Defendants in accordance with Fed. R. Civ. P. 4(d), but if Defendants do not waive service, Plaintiff must make arrangements with a person authorized to make service under Fed. R. Civ. P. 4(c). *Id*. The Court also informed Plaintiff that if he was financially unable to arrange for service of process, he may submit a motion to the Court

in which he (1) explains to the Court what efforts he made to perfect service and (2) includes an affidavit in support of his claim of indigence, along with a certified copy of his trust fund account statement (or institutional equivalent) for the previous six-month period. *Id*. at 23.

As for service of process, Plaintiff has submitted a letter describing what efforts he has made to perfect service along with an updated inmate account statement. ECF No. 20. Plaintiff states that he has "served Mr. Clinton Perry at his place of business … with the notice of lawsuit and the complaint and waiver of summons he has signed for this through first class certified mail on 6-27-22". *Id*. Plaintiff does not indicate that Defendant Perry has waived service or whether, in the absence of such waiver, Plaintiff has made arrangements with a person authorized to make service under Fed. R. Civ. P. 4(c). *Id*. Plaintiff further states that he has been unable to locate Defendant CO Jessica Dean. *Id*. He requests assistance in locating and serving Defendant Dean. *Id*.

As explained in the May 12, 2022 Order, if Plaintiff finds that he is unable to arrange for service of process then he may request the Court assist in the service of process. ECF No. 17 at 23; *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."); Fed. R. Civ. P. 4(c)(3) advisory committee note to 1993 amendment ("The court also retains discretion to appoint a process server on motion of a party."). The Court construes Plaintiff's "Motion for Reconsideration on Motion for Leave to Proceed *In Forma Pauperis*" (ECF No. 19) in conjunction with his July 7, 2022

letter (ECF No. 20) as such a request for the Court to order service upon the Defendants by the United States Marshall.

According to the plain language of Rule 4(c)(3), the Court's decision to have the marshal serve process is discretionary. *Harpo v. Intermark Mgmt. Corp.*, No. CV121-087, 2022 WL 1025193, at *1 (S.D. Ga. Apr. 6, 2022) (citation omitted). "[T]he Court is required to consider "whether Plaintiff has exhausted other reasonable means of effecting service privately before directing the marshal to effect service." *Id*. (citation omitted); *Shaw v. Hall*, 5:12-cv-135-CAR-MSH, 2013 WL 5571235 at *13 (M.D. Ga. Oct. 9, 2013) (citation omitted) ("[B]efore directing the Marshals to effect service, the Court 'should determine whether [the] plaintiff has exhausted other reasonable means of effecting service privately....'").

It appears Plaintiff has made reasonable attempts to effect service, given his current situation. Plaintiff states he mailed a waiver of service to Defendant Warden Clinton Perry but has been unable to locate Defendant CO Jessica Dean. ECF No. 20. The Court also considers the length of time the case has been pending. This case has been pending since December 21, 2021. ECF No. 1. As in the *Harpo* case, "service in this case has been a long process and requiring Plaintiff to serve . . . Defendants will likely cause further delay and unnecessarily prolong this case." *Harpo*, 2022 WL 1025193, at *1. Finally, the Court considers whether Plaintiff has the means to retain someone to locate Defendant Dean and effect service. Plaintiff's trust fund account reveals that he does not have the financial resources or means to locate Defendant Dean and effectuate personal service on

either of the named Defendants.   ECF No. 19-1 at 2.

Given these findings, the Court **ORDERS** the United States marshal or deputy marshal to locate and serve a copy of Plaintiff's complaint (ECF No. 1), the Court's Order and Recommendation (ECF No. 17), and the Court's Order adopting the Order and Recommendation (ECF No. 18) on CO Jessica Dean.   The United States marshal or deputy marshal may request a waiver of service of summons from CO Jessica Dean in accordance with Fed. R. Civ. P. 4(d).   Should Defendant Jessica Dean or Defendant Warden Clinton Perry (who has already received the waiver of summons form) fail to waive service, the United States Marshal or deputy marshal is **ORDERED** to make service under Fed. R. Civ. P. 4(c).   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).   Defendants are **ORDERED** to file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

**SO ORDERED**, this 10th day of August, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge