IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID WILSON, JR.,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:21-cv-457-MTT-CHW |
| **Warden CLINTON PERRY,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

### NOTIFICATION OF SECOND MOTION TO DISMISS

Before the Court is a second pre-answer motion to dismiss and brief in support filed by Defendants Perry and Dean. (Doc. 58). Defendants previously filed a motion to dismiss (Doc. 50), for which the Court provided notice to Plaintiff, as well as the opportunity to amend the complaint. (Doc. 51). Plaintiff filed his response to the motion (Doc. 57) and an amended complaint. (Doc. 56). Defendants' second motion to dismiss alleges that the amended complaint adds little, if any, substantive changes to the original complaint, and that the second motion to dismiss was amended primarily to incorporate references to the amended complaint. (Doc. 58-1, p. 1).

The Court hereby incorporates the cautions and parameters set for the in the prior notification for Defendants' first motion to dismiss. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam). Plaintiff is reminded that under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' second

1

motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT**. The Court could grant judgment to Defendants and there would be no trial or further proceedings. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint, submit a response brief, and, if responding to a motion to dismiss for failure to exhaust administrative remedies, submit any affidavits and/or documents showing he has exhausted. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, the Plaintiff will be barred from re-filing following dismissal. If Plaintiff fails to file a brief in opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents must be filed **WITHIN 21 DAYS** of receipt of this Order. Fed. R. Civ. P. 15(a)(1)(B); M. D. Ga. Civ. R. 7.2. Thereafter, the Court will consider Defendants' motion to dismiss and any opposition to the same filed by Plaintiff, and issue its ruling.

**SO ORDERED**, this 21st day of April, 2023.

                                           s/ Charles H. Weigle_____
                                           Charles H. Weigle
                                           United States Magistrate Judge